## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **RONALD D. WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) No.: 14-3029-SEM-TSH |
| | ) |
| | ) |
| **SHAN JUMPER, AMIEE WILCZYNSKI,** | ) |
| **SHELLY GANZ, ANGIE GUSS,** | ) |
| **TANISHA HANKERSON, KENNETH** | ) |
| **QUEEN, NICOLE SANDFORD,** | ) |
| **CARAWAY SHARIENE, AMY LOUCK,** | ) |
| **and DR. SCHROEDER,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MERIT REVIEW OPINION</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Ronald D. Walker, proceeding pro se from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed in forma pauperis on his claims against Defendants.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster*

1

*v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Walker alleges that he has been in the Illinois Department of Human Services' ("IDHS") custody since 2003. During this time, Walker alleges that he has received ineffective psychiatric treatment for his condition. In fact, Walker contends that his treatment has been so deficient that it amounts to no treatment at all. Without effective treatment, Walker cannot progress through the IDHS program and cannot be released from IDHS's custody.

Walker believes that Defendants' actions in this regard are purposeful because they and their employer, Liberty Healthcare, receive millions of taxpayer dollars to operate the IDHS facility at Rushville. Therefore, Defendants have an incentive to violate Walker's constitutional rights by refusing or failing to provide him with mental health treatment, thereby extending his confinement and continuing the flow of tax payer dollars. Accordingly, Walker has filed this suit under 42 U.S.C. § 1983 alleging that Defendants have and are violating his Fourteenth Amendment rights.

To the extent that Walker is averring that Defendants are violating his due process rights by providing him with mental health treatment and counseling that he disagrees with or that he believes is ineffective, Walker's Complaint fails to state a cause of action upon which relief can be granted. The United States Court of Appeals for the Seventh Circuit has held that a detainee who is confined as a sexually dangerous person in Illinois does not have the right to receive an alternative treatment of his own choosing. *Ambrose v. Godinez*, 2013 WL 647292, * 2 (7th Cir. Feb. 22, 2013); *Allison v. Snyder,* 332 F.3d 1076 (7th Cir.2003)(sex offender group therapy does not violate privilege against self-incrimination or due

process rights).  Accordingly, Walker cannot proceed on a claim against Defendants that the treatment that he is receiving should be more narrowly tailored to meet his own, personal needs. *Levi v. William*, 2007 WL 2893647, * 1 (C.D. Ill. Sept. 28, 2007)("Plaintiff states no constitutional claim about the group therapy or Defendants' refusal to provide individual therapy.").

However, giving Walker's Complaint a liberal reading, Walker could be alleging that Defendants have, essentially, failed to provide him with any mental health treatment whatsoever.  To the extent that this is Walker's allegation, Walker's Complaint states a cause of action upon which relief can be granted.

The United States Supreme Court has held that "due process requires that the conditions and duration of confinement under the Act bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001).  The Supreme Court has also opined that involuntarily committed mentally retarded persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).

And, the Seventh Circuit has extended and summarized *Youngerberg* to include those individuals committed because they are sexually violent: "(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012)(internal quotation omitted). In other words, the Seventh Circuit has held that "*Youngerberg* holds that, under the due process clause, detainees are entitled to non-punitive programs designed using the exercise of professional judgment . . . ." *Id.* at 883.

Here, Walker has alleged that his treatment has been so defective that it amounts to having received no treatment whatsoever since being placed into the IDHS's custody. The Fourteenth Amendment requires that Walker receive some treatment. Therefore, Walker has stated a cause of action upon which relief can be granted.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis [3] is GRANTED. This Court has instituted a reduced payment procedure for indigent plaintiffs who are institutionalized but who

are not prisoners as defined in 28 U.S.C. § 1915(h). A reduced payment is assessed of 50% of such plaintiff's average monthly income for the six months preceding the filing of the complaint but not to exceed the $350 filing fee. Income includes additions to the plaintiff's trust fund from any sources, including gifts. Although he has submitted an affidavit in support of his motion, Plaintiff has not submitted his trust fund ledgers so that the Court can determine the amount, if any, of his reduced payment. Accordingly, Plaintiff is directed to file, within fourteen days of the date of this Order, his trust fund ledgers for the six months preceding the filing of this suit so that the Court can determine the amount, if any, of his reduced payment. Failure to comply with the Court's Order could result in the Court denying Plaintiff's motion to proceed in forma pauperis.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a Fourteenth Amendment due process claim against Defendants for failure to offer treatment during his confinement with IDHS. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.     Defendants shall file an Answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an Answer.  The Answer should include all defenses appropriate under the Federal Rules.  The Answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the Answer is necessary or will be considered.

7.     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ORDERED that the Clerk is directed to: (1) show Plaintiff's motion to proceed in forma pauperis [3] as granted; (2) attempt service on Defendants' pursuant to the standard procedures; and (3) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs**

**of formal service pursuant to Federal Rule of Civil Procedure**

**4(d)(2).**

ENTERED this 18th day of August, 2014

        s/ Sue E. Myerscough
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
